UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60580-CIV-MARRA

DARYL VAZ et al.,

Plaintiffs,

vs.

DAVID P. ROWE,

Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court upon Plaintiffs' Motion to Remand (DE 5). The Court has carefully considered the Motions and is otherwise fully advised in the premises.

Defendant filed a Notice of Removal with this Court on March 12, 2013. (DE 1.) Defendant seeks to remove a Complaint filed by Plaintiffs in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County on April 9, 2012. That complaint alleged a common law claim of defamation per se. (Compl., DE 5-1.) On May 24, 2012, Plaintiffs amended their complaint to include an additional Plaintiff. (Amended Compl., DE 5-1.) Defendant moved to dismiss that amended complaint, which the state court denied on September 13, 2012. (Sept. 12, 2012 Order, DE 5-1.)

The Notice of Removal states that there is federal question and diversity jurisdiction. (DE 1.) Plaintiffs seek to remand the case because: (1) the Notice of Removal is time-barred; (2) Defendant is a citizen of Florida and, as a result, this case is not subject to removal based on diversity of citizenship and (3) the complaint does not bring federal claims, but state law defamation claims.

It is axiomatic that federal courts are courts of limited jurisdiction. Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001).  A party who removes a case to federal court pursuant to 28 U .S.C. § 1441 must prove that the federal district court possesses "original jurisdiction," which exists when the plaintiff's claims arise under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. § 1331.  Neither the defendant's answer nor its petition for removal may be used to establish federal question jurisdiction.  Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936); Buice v. Buford Broadcasting, Inc., 553 F. Supp. 388, 389 (N.D. Ga. 1983).

Notwithstanding the lack of a federal question, a federal district court may exercise subject matter jurisdiction over a civil action asserting only state law claims if the civil action arises under the federal court's diversity jurisdiction. 28 U.S.C. § 1332(a)(1). Jurisdiction based on diversity of citizenship exists in civil actions where the amount in controversy exceeds $75,000 and the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). However, even if the citizens are diverse, an "action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S .C. § 1441(b).  Removal is "intended to protect out-of-state defendants from possible prejudices in state court." Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 940 (9th Cir. 2006).

Furthermore, a notice of removal cannot be filed more than 30 days after service of the summons and complaint or other paper from which it may first be ascertained that the case is removable. 28 U.S.C. § 1446(b).  Petitioning for removal outside the 30–day window constitutes a defect in removal procedure. Wilson v. General Motors Corp., 888 F.2d 779, 781 n.1 (11th

Cir.1989).  Removal jurisdiction is construed narrowly with all doubts resolved in favor of remand.  See Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).  The removing party has the burden of demonstrating the propriety of removal.  Diaz v. Shepard, 85 F.3d 1502, 1505 (11th Cir. 1996).

The Court agrees with Plaintiffs that there is no basis for removal of this case.  The Complaint brings a claim for defamation per se, a state law claim.  Thus, there is nothing in the complaint that raises a federal question.  Federal question jurisdiction is governed by the "well-pleaded complaint" rule.  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  The well-pleaded complaint rule "makes the plaintiff the master of the claim, he or she may avoid federal jurisdiction by exclusive reliance on state law."  Id.  Unless a "substantial" federal question is presented on the face of the complaint, the case does not arise under federal law.  Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998); Hagans v. Levine, 415 U.S. 528, 536 (1974); Kemp v. International Business Machines Corp., 109 F.3d 708, 712 (11th Cir. 1997).

Defendant's Notice of Removal suggests that federal law is implicated because the defamatory statement was contained in an email from the Department of Homeland Security and this raises a federal question.  To be sure, under the artful pleading doctrine, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint."  Franchise Tax Bd. of California v. Construction Laborers Vacation Trust, 463 U.S. 1, 22 (1983).  Even when the causes of actions pled are based on state law, the case might still arise under federal law if the right to relief under state law requires "resolution of a substantial question of federal law in dispute."  Id. at 13.  Examining the face of the Complaint, however, the Court finds that there is no federal question present.  As previously indicated, the Complaint alleges state law claims for

defamation per se. See Boyles v. Mid-Florida Television Corp., 431 So.2d 627, 633 (Fla. Dist. Ct. App. 1983) (citing Piplack v.v. Kirk, 273 So.2d 774, 776 (Fla. Dist. Ct. App. 1973) (explaining defamation per se). The nature of the cause of action asserted determines jurisdiction. Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199-201 (1921). This is a simple defamation suit. Clearly, defamation claims do not seek relief under federal law. See Monks v. Hetherington, 573 F.2d 1164, 1166 (10th Cir.1978) (defamation action arises under state law and does not pose federal question); Cox v. Int'l Union of Operating Engineers, 672 F.2d 421, 422 (5th Cir.1982) (fact that alleged defamation arose out of issues of union members' rights does not convert case into one involving federal question). Nor does the Complaint expressly allege any violations of federal law. Moreover, there is no suggestion or evidence that the artful pleading doctrine comes into play. Thus, under the well-pleaded complaint rule, this Complaint relies exclusively on state law and there is no federal question jurisdiction.

Next, the Court can summarily dispose of Defendant's assertion that this case can be removed based on diversity of citizenship. Defendant admits he is a citizen of the state of Florida. (Notice of Removal ¶ 10.) That alone bars removal on the basis of diversity jurisdiction. City of Vestavia Hills v. General Fidelity Ins. Co., 676 F.3d 1310, 1313 n.1 (11th Cir. 2012). Equally problematic for Defendant is the timing of the Notice of Removal. The original complaint was filed on April 9, 2012, followed by the amended complaint on May 24, 2012. Defendant subsequently filed his motion to dismiss which was denied on September 13, 2012. Regardless of which one of those dates applies, Defendant failed to remove within the requisite 30 days. Nonetheless, Defendant claims he could not have been aware of the jurisdictional basis for removal until March 1, 2013, when Plaintiffs filed a notice of hearing on Defendant's

4

objections to Plaintiffs' interrogatories.  It appears that Defendant is arguing that it was at that point that the federal claims first arose.  The Court has examined these documents and finds that they do not invoke a federal question. (Pl. First Interrog. to Def., Ex. 5, DE 9-5; Def. Resp. To Pl. First. Interrog., Ex. 6, DE 9-6.)  Simply because the alleged defamatory statement may have been contained in an memorandum labeled "U.S. Law Enforcement" and may have involved a federal agent's investigation does not raise a federal question. (Paragraphs 6-9, Ex. 5.)

Finally, because there was no objective or reasonable basis for this case to be removed, the Court finds that Plaintiffs are entitled to attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).  See Liebig v. DeJoy, 814 F. Supp. 1074, 1077 (M.D. Fla. 1993) ("The award of attorney's fees and costs under this section is completely discretionary with the trial court.") "The appropriate test for awarding fees under § 1447(c) should recognize Congress' desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party" and this determination "should turn on the reasonableness of the removal." Martin v. Frankling Capital Group, 546 U.S. 132, 136  (2005).  Indeed, the notice of removal was both untimely and substantively improper since this Court lacked subject matter jurisdiction. Plaintiffs may recover the actual amount of attorney's fees and costs incurred as a result of improper removal of this action, subject to the Court's approval.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Remand (DE 5) is **GRANTED**.  This matter is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County.  All pending motions are denied as moot and the clerk shall close this case.   Plaintiffs shall have 14 days from the date of entry of this Order to submit to this Court their submission  indicating the actual expenses and attorney's

fees incurred by the Plaintiffs with respect to the improper removal of this action.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 20th day of March, 2013.

_____
KENNETH A. MARRA
United States District Judge